PEARSON, Judge.
Alice Louise Auvil appeals from an adverse final judgment in a suit for declaratory judgment. She had asked the court to construe “the provisions of the policy of automobile insurance and [determine] the respective rights and liabilities of the [parties] thereunder * * * The appellee’s answer alleged, among other things,
“1. That the Plaintiff was notified timely that her failure to pay an additional premium which was due on March 20, 1967, would result in a cancellation of the subject insurance policy on April 6, 1967.
“2. That the additional premium aforementioned was not received until May 5, 1967, which was well after the effective cancellation of the policy on April 6, 1967.”
The appellee took the appellant’s deposition in the presence of counsel for both parties and attached three exhibits to the deposition. The first is a photocopy of a binder agreement signed by one Clifford H. Hunter, described as an authorized agent of the appellee. The second is a photocopy of an invoice from the agent directed to Miss Auvil for $54.50 due as a six months premium for coverage “as per policy declarations”. A reproduction of the third photocopy appears here.

The appellee did not attach to the deposition a photocopy of the other side of the exhibit reproduced here.
The final judgment recites that the “cause came on to be heard upon the mem-oranda of respective counsel”. It contains the finding “that an effective cancellation of the policy was proven, and there is no liability on the part of the Defendant except for premium return pro rata * *
In urging reversal the appellant argues that since she paid the original premium requested of her and since the policy was delivered unconditionally, her failure to timely pay the additional premium demanded by the appellant is not grounds for cancelling the entire policy. We do not think this position is well taken. However we do think that this record requires us to reverse the judgment on other grounds.
The deposition of the appellant, which was the only evidence other than the three exhibits we referred to above, reveals that the appellant had previously been insured by the appellee company in another state. She wished to get a new automobile insurance policy and obtained the name of a local agent of the appellee from the classified section of the telephone directory. She *48 called this agent and described the policy she wanted. He sent her a binder agreement for the insurance and an invoice for $54.50. The appellant paid the $54.50 premium. The exact date of payment is not revealed by the record, but the invoice which the appellant testified she paid promptly is dated January 13, 1967. Approximately two weeks later, she received notice that an additional premium of $10.30 was due. After receiving this notice she called the appellee’s agent. He informed her that he had miscalculated the original premium she had been requested to pay by the invoice of January 13. The appellant accepted this explanation and testified that she intended to send the premium in. The record does not show the exact date the appellant received the Cancellation Notice reproduced above, but it does show that she received it towards the latter part of March 1967. The appellant paid the $10.30 in the early part of May 1967. She was involved in an automobile collision on April 8, 1967, two days after the date the appellee contends the policy was can-celled.
The Cancellation Notice reproduced above is ambiguous, since it is reasonable to regard it as a notice that the appellee would cancel the policy unless the appellant paid an additional premium of $10.30 by April 6, 1967. Such a notice has been held to be insufficient to permit cancellation. See cases cited in 45 C.J.S. Insurance § 450, page 89, note 77. But see Alexander v. State Farm Mutual Automobile Ins. Co., La.App.1963, 148 So.2d 898. “[A]ll ambiguities in the [cancellation] notice will be resolved in favor of the insured.” 45 C.J.S., § 450 at 86. We therefore resolve the ambiguity in the Cancellation Notice against the appellant and hold that it was insufficient to permit cancellation of the appellant’s policy.
 It may well be that the terms of the policy which the appellant bought and paid for specify that the Cancellation Notice reproduced above is all the notice necessary to permit the appellee to cancel the policy. However, in the absence of any showing by the appellee of the cancellation provisions of the policy,[1] the courts must apply the usual standard of reasonableness. A unilateral mistake in calculating the premium does not provide an insurance company with a reasonable basis for can-celling -an insurance policy.
Accordingly, the cause is reversed and remanded with directions to enter a judgment declaring that the policy described in the binder agreement was in effect on April 8, 1967.
Reversed and remanded with directions.
ORDER
On Rehearing
A rehearing having been granted in the above styled cause, and the case having been further considered upon the record, briefs and oral argument of attorneys for the respective parties, it is ordered by the court that the opinion of this court filed March 11, 1969 in this cause be and the same is hereby adhered to on rehearing.

. The sufficiency of a cancellation notice is determined by the provisions of the insurance policy. 18 Fla.Jur., Insurance, § 210; 29 Am.Jur., Insurance, § 388. The insurer has the burden of proving effective cancellation. 8 Appleman, Insurance Law and Practice, § 5012, 1968 pocket supplement, page 155. From the foregoing authorities we conclude that it is impossible for a court to find that an insurance policy has been effectively can-celled unless the insurer brings the cancellation provisions of the policy before the court. This is not to say that a court will necessarily determine that an insurance policy has been effectively can-celled if the insurer brings the cancellation provisions before the court and shows that it has proceeded in accordance with those provisions.