308 So.2d 583 (1975)
Howard SAUVAGEOT et al., Appellants,
v.
The HANOVER INSURANCE COMPANY, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellee.
No. 74-549.
District Court of Appeal of Florida, Second District.
February 28, 1975.
*584 Albert B. Lewis of Piper & Casler, St. Petersburg, for appellants.
Stephen F. Myers of Shackleford, Farrior, Stallings & Evans, Tampa, for appellee.
GRIMES, Judge.
On June 25, 1970, appellee (Hanover) issued an insurance policy on appellants' (plaintiffs) automobile providing bodily injury and property damage liability, medical payments, uninsured motorist and collision coverage. On August 11, 1970, Hanover mailed to plaintiffs a notice of cancellation, setting forth the effective date of cancellation to be August 23, 1970. The notice stated no reason for the cancellation. On September 9, 1970, the automobile was involved in an accident with another vehicle, as a result of which a lawsuit was filed against the plaintiffs. Upon Hanover's denial of coverage under the policy, the plaintiffs brought suit for a declaration that the policy was in effect at the time of the accident and to require Hanover to defend the suit and pay plaintiffs the applicable collision and medical payment benefits.
Following the taking of testimony, the court entered judgment for Hanover. The basis for the judgment was twofold. First, the court held that the cancellation of the policy prior to the accident was effective. Second, the court found that the application for the policy contained fraudulent misrepresentations of matters of material fact, the truth of which if known would have caused Hanover not to issue the policy. The court was correct as a matter of law on the first ground, and there was competent substantial evidence to support its conclusion on the second.
Plaintiffs' contention that the cancellation was ineffective is based upon Fla. Stat. § 627.0852 (1969) as amended by Chapter 70-213, Laws of Florida 1970,[1] which stated in part:
"(2) No notice of cancellation of policy shall be effective unless it is based on one (1) or more of the following grounds:
(a) Nonpayment of premium; or
(b) Material misrepresentation or fraud; or
(c) The driver's license or motor vehicle registration of the named insured or of any other operator who either resides in the same household or customarily operates an automobile insured under the policy has been under suspension or revocation during the policy period or the one hundred and eighty (180) days immediately preceding its effective date, or if the policy is a renewal, during its policy period. This subsection (2) shall not apply to any policy which has been in effect less than sixty (60) days at the time notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy. Nothing in this subsection (2) shall apply to nonrenewal.
(3)(a) No notice of cancellation of a policy to which this section applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation, except that *585 where cancellation is for nonpayment of premium, at least ten days' notice of cancellation accompanied by the reason therefor shall be given. Unless the reason or reasons accompany or are included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than ten days prior to the effective date of cancellation, the insurer will specify the reason or reasons for such cancellation.
(b) Nothing in this subsection (3) shall apply to nonrenewal."
As we interpret this statute, Hanover was not required to give twenty (20) days' notice of cancellation or to state a reason for the cancellation, since the mailing of the notice occurred within sixty (60) days after the issuance of the policy. Except for § 627.0852, there were no limitations upon the cancellation of a policy by an insurer other than those set forth in the policy itself (in this case ten days' notice was required). The only limitations on cancellation found in this section are set forth in subsection (2). Therefore, when subsection (3)(a) refers to cancellation of a policy "to which this section applies", it is necessarily referring to a policy to which subsection (2) is applicable. By its own terms, subsection (2) does not apply because Hanover's policy had been in effect less than sixty (60) days. Hence, the court correctly held the provisions of § 627.0852 to be inapplicable. In this instance, cancellation was governed only by the terms of the policy, and there is no doubt that these were followed.
In any event, the trial court concluded upon conflicting evidence that the application contained fraudulent misrepresentations of the previous driving record of Howard Sauvageot and that, had Hanover known the true facts, it would have not issued the policy. The plaintiffs' contention that, having failed to properly cancel the policy pursuant to § 627.0852, Hanover was precluded from defending upon the grounds set forth in Fla. Stat. § 627.01081 (1969)[2] is likewise untenable.
It is not uncommon that when claims are made against an insurance policy, an investigation by the company will reveal that fraud was practiced or misrepresentations were made in connection with the application for the insurance. As a practical matter, if the insurance companies had to make this same kind of comprehensive examination to verify the accuracy of every application it received, the cost would be passed on in the form of higher premiums to all those people who truthfully fill out their applications. The obvious purpose of § 627.0852 is to preclude the cancellation of certain types of casualty policies which have been in effect for more than sixty (60) days except upon good cause. There is nothing in § 627.0852, which contemplates methods of policy cancellation and hearings thereon prior to claims being made, that indicates the legislature intended to preclude an insurer from defending a suit upon the policy on the statutory grounds prescribed in § 627.01081, which are applicable to all policies. Therefore, the court properly entertained a defense raised under that statute.
The judgment is affirmed.
BOARDMAN, A.C.J., and SCHEB, J., concur.
NOTES
[1] With certain minor changes, this section now appears as Fla. Stat. § 627.728 (1973).
[2] With certain additions not pertinent to this opinion, this section now appears as Fla. Stat. § 627.409 (1973).