371 So.2d 539 (1979)
Alejandro Quiles BURGOS and Paulita Ortez Burgos, His Wife, Appellants,
v.
INDEPENDENT FIRE INSURANCE COMPANY, a Florida Corporation, Delta Insurance Corporation, a Florida Corporation, and Metropolitan Mortgage Company, a Florida Corporation, Jointly and Severally, Appellees.
No. 78-1746.
District Court of Appeal of Florida, Third District.
May 29, 1979.
*540 Spiegelman & Spiegelman and Robert I. Spiegelman, Miami, for appellants.
Stanley H. Spieler, Miami, for appellees.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
PER CURIAM.
Plaintiff property owners appeal an adverse summary final judgment for defendant insurance agents in an action to recover damages for alleged negligent failure to obtain insurance coverage.
Plaintiffs, Alejandro Burgos and his wife, are the owners of certain improved real property encumbered by a first mortgage. Metropolitan Mortgage Company was the servicing agent for the mortgagee. Delta Insurance Company obtained for Burgos a fire insurance policy issued by Independent Fire Insurance Company covering the subject property from June 29, 1974 to June 29, 1975. In May, 1975 Independent, through its general agent, Southern Underwriters, issued a renewal certificate extending the policy from June 29, 1975 to June 29, 1976. Burgos tendered the $102 renewal premium to Delta, which in turn remitted it to Independent. Before the renewal became effective, Independent on June 9, 1975 cancelled the policy and its agent, Southern, mailed the cancellation notice to Burgos and a copy of the notice to Delta as originating agent. In October, 1975 the Burgos property was damaged by fire and a claim was filed with Independent which denied coverage on the basis that the policy had been cancelled. Burgos and his wife filed the instant suit against Independent,[1] Delta and Metropolitan (with whom Delta is now merged) alleging that the defendants, Delta and Metropolitan, are liable for failing to inform them of the cancellation and further for failing to procure a replacement policy. Delta and Metropolitan answered denying the allegation that Burgos and his wife were not informed and alleged that replacement insurance was unobtainable. Subsequently, Delta and Metropolitan moved for summary judgment which after hearing was granted in their favor.
Burgos and his wife appeal and contend that there was a genuine issue of material fact as to whether Delta and Metropolitan, as agents or brokers, had a duty to procure replacement insurance and then failed to do so. They basically argue that since they were not notified of the cancellation and Delta retained the premium, they were led to believe that fire insurance had been procured on the subject property; therefore, Delta and Metropolitan are liable for failing to procure replacement coverage.
Delta in support of the motion for summary judgment submitted the affidavit of its administrative officer, James Boyle, a licensed independent insurance agent. Boyle alleged that upon receipt of the copy of the cancellation notice mailed to Burgos and his wife by Independent through Southern, he was in telephone communication with Burgos. They discussed the reasons for the cancellation[2] and under the circumstances the difficulty in procuring replacement insurance. Nevertheless, Burgos requested that Delta continue to try to obtain such insurance and hold the $102 premium refund to be applied towards replacement coverage if it could be obtained. Boyle further alleged that he was unsuccessful in obtaining replacement insurance.
*541 In opposition to the motion for summary judgment, Burgos and his wife filed an affidavit alleging that they never received notice of the cancellation and denied having any conversation with Boyle concerning the cancellation and attempt to procure replacement coverage.
The well established principle of law with regard to the issue of notice of cancellation is that proof of mailing a notice of cancellation to a named insured at the address stated in the policy is sufficient compliance with the policy provision requiring notice to the insured. Allstate Insurance Company v. Dougherty, 197 So.2d 563 (Fla. 3d DCA 1967). The record is replete with evidence that by certified letter Southern Underwriters (as agents of Independent) mailed the notice of cancellation to Burgos at his current address. Therefore, as a matter of law, Burgos is precluded from denying notice of cancellation.
As concerns the issue of the duty to obtain replacement insurance, the record[3] contains no evidence reflecting that the relationship between Delta and Burgos was of such a nature that Delta was the general agent of Burgos or had a duty of keeping the subject property insured. To the contrary, the evidence reflects that once Delta initially procured the fire insurance, Delta's duty to Burgos terminated. See Cat 'N Fiddle, Inc. v. Century Insurance Company, 213 So.2d 701 (Fla. 1968). Nor was Metropolitan, as servicing agent for the mortgagee, under any duty to Burgos, the owner, to obtain replacement insurance.
Affirmed.
NOTES
[1] not a party to this appeal
[2] A fire loss in February, 1975 sustained by Burgos on adjacent property also insured by Independent apparently prompted the cancellation.
[3] outside of the bare allegation in the complaint