394 So.2d 485 (1981)
MOTORS INSURANCE CORPORATION, Appellant,
v.
Vernon B. WOODCOCK, Appellee.
No. 80-307.
District Court of Appeal of Florida, Third District.
February 17, 1981.
Rehearing Denied March 20, 1981.
*486 Kurzban & Kurzban and Steven M. Weinger, Miami, for appellant.
Roberts & Currea and Michael A. Currea, Hialeah, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
*487 DANIEL S. PEARSON, Judge.
Woodcock brought a claim against his insurer, Motors Insurance Corporation, for the theft and destruction of his automobile. Motors denied coverage on the grounds that Woodcock's policy was cancelled for nonpayment of premium as of April 28, 1979 (four days before Woodcock's loss), and Woodcock's fraudulent misrepresentations concerning his driving record prevented recovery under the policy. Woodcock sued. The trial court entered a summary judgment on the issue of liability in his favor. We reverse.
The notice of cancellation which Motors contends was mailed to Woodcock on April 7, 1979, provided in pertinent part:
"... the premium for this protection has not been paid. Therefore we must, and hereby do, cancel your policy effective at the time and date shown in the right hand box above [policy cancelled as of 12:01 a.m. Standard Time at your address on 04-28-79]. HOWEVER, IF THE AMOUNT DUE NOW IS PAID PRIOR TO THAT DATE THE POLICY WILL REMAIN IN FORCE, OTHERWISE IT SHALL STAND CANCELLED AT SAID TIME AND DATE WITHOUT FURTHER NOTICE."
Woodcock claims that the notice was misleading and ambiguous in several respects. However, since he unequivocally states that he never received the notice,[1] and the words used in the cancellation are not a matter of dispute, the question of whether the notice was ambiguous, and thus the question of the validity vel non of the notice, can be decided as a matter of law. Aetna Casualty & Surety Company v. Simpson, 128 So.2d 420 (Fla. 1st DCA 1961).
"The general rule governing the sufficiency of such a notice is that `in order to form the basis of a cancellation of a policy notice by the insurer to the insured need not be in any particular form in the absence of a statute or policy provision prescribing such form, and is sufficient so long as it positively and unequivocally indicates to the insured that it is the intention of the company that the policy shall cease to be binding as such upon the expiration of the stipulated number of days from the time when its intention is made known to the insured.'"
128 So.2d at 426.
The notice in the present case clearly satisfied the requisites of this rule. It states in certain terms that the policy is cancelled as of a specific date. Its certainty is unaffected by the fact that some action on the part of the insured could be taken to prevent cancellation, since no further action on the part of Motors was required to effect cancellation. Compare, e.g., Alexander v. State Farm Mutual Automobile Insurance Co., 148 So.2d 898 (La. 1st Cir.1963) (notice that "the policy is cancelled unless" effective) with Travelers Insurance Co. v. Jenkins, 285 So.2d 839 (La. 1st Cir.1973); Ellzey v. Hardware Mutual Insurance Co. of Minnesota, 40 So.2d 24 (La. 1st Cir.1949) (notice that "the policy will be cancelled unless" ineffective).
In holding Motors' notice of cancellation to be clear and unequivocal, we are not unmindful of our decision in Auvil v. Nationwide Mutual Fire Insurance Co., 222 So.2d 46 (Fla.3d DCA 1969). We are not persuaded that Auvil dictates a result contrary to the one we reach.
We deem the holding of Auvil to be that "a unilateral mistake in calculating the premium does not provide an insurance company with a reasonable basis for cancelling an insurance policy." 222 So.2d at 48. The court's discussion in Auvil of the language of the cancellation notice[2] is immaterial to *488 that holding and thus dictum. Moreover, the ambiguity said to exist in Auvil, as we read that decision, is not ambiguity in the language of the notice, but instead ambiguity arising from the insurance company's multiple requests to Mrs. Auvil for payment of premiums precipitated by the company's mistake in calculating the premium.[3]See Pike v. National Life Insurance Company, 377 So.2d 973 (Fla.3d DCA 1979) (citing Auvil for the proposition that "any ambiguity or contradiction in an insurer's multiple requests for payment ... must be resolved against the company"). It is for these reasons that we do not consider Auvil controlling. See also Allstate Insurance Company v. Crawford, 365 So.2d 408 (Fla.3d DCA 1978) (in which although we affirmed judgment for the insured, we sub silentio approved the language of a cancellation notice in all respects identical to Auvil).
Having concluded that the language of the notice of cancellation is unambiguous, we must now address the question of whether the partial summary judgment can be sustained on the basis that Woodcock conclusively demonstrated that this notice was not mailed to him.
Woodcock denied receiving the cancellation notice. Had the insurance company shown by appropriate affidavit that it fully complied with its New York office procedures in mailing this notice to Woodcock, proof of mailing and proof of cancellation, see Section 627.728(5), Florida Statutes (1977), would have been presumptively established. Woodcock's denial would have been insufficient to overcome this presumption. Compare Brown v. Giffen Industries, Inc., 281 So.2d 897, 899 (Fla. 1973) (rehearing), with Bernstein v. Liberty Mutual Insurance Co., 294 So.2d 63 (Fla.3d DCA 1974). Motors, however, showed only that its Miami office received the duplicate of the notice, the original of which was purportedly mailed to Woodcock.[4] This showing, although not sufficient to raise a presumption that Woodcock was mailed the notice, was clearly sufficient to raise a genuine issue of fact as to whether the notice was mailed.[5]
Lastly, we address Motors' denial of coverage under Section 627.409(1), Florida Statutes (1977),[6] a viable defense even in the absence of effective cancellation. See Sauvageot v. Hanover Insurance Co., 308 So.2d 583 (Fla.3d DCA 1975). The summary *489 judgment implicitly rejects Motors' right to assert this defense. There is nothing in the record before us to show Woodcock's entitlement to summary judgment on this issue. To be sure, it is undisputed that Motors, after discovery of the asserted material misrepresentations or omissions in Woodcock's application for insurance, and before notice of cancellation, offered to continue Woodcock's insurance upon payment of a higher premium. Under such circumstances, Motors' actions could be deemed a waiver of the right to contest the validity of the policy. See Mutual of Omaha Insurance Co. v. Eakins, 337 So.2d 418 (Fla.2d DCA 1976). However, before Motors is estopped from raising this defense, Woodcock must demonstrate reliance upon the insurer's action. Travelers Indemnity Company of R.I. v. Mirlenbrink, 345 So.2d 417 (Fla.2d DCA 1977). This record does not reflect reliance by Woodcock, and estoppel is not shown as a matter of law.
Reversed and remanded.
NOTES
[1] Were Woodcock's claim that he received the notice and that because of prior dealings with the company or the like, it served to confuse him, a facially unambiguous notice could factually become ambiguous. See Pike v. National Fidelity Life Insurance Company, 377 So.2d 973 (Fla.3d DCA 1979).
[2] The Auvil cancellation notice, substantially identical to the notice in the present case, read, in pertinent part:

"... this is notice that the policy numbered above is cancelled effective 12:01 A.M. on the 17th day after the above date."
[3] Unlike Woodcock, Mrs. Auvil testified that she received the cancellation notice. The question of ambiguity in Auvil therefore involves considerations beyond the language of the notice.
[4] The affidavit of the Miami office manager for Motors included hearsay as to the New York office procedures, which cannot be considered on a motion for summary judgment. Ham v. Heintzelman's Ford, Inc., 256 So.2d 264 (Fla. 4th DCA 1972); Harrison v. Consumers Mortgage Co., 154 So.2d 194 (Fla. 1st DCA 1963); Humphrys v. Jarrell, 104 So.2d 404 (Fla.2d DCA 1958).
[5] Motors attempted to supplement the record in this court with a post office department certificate of mailing which would indisputably prove mailing. Scott v. Johnson, 386 So.2d 67 (Fla.3d DCA 1980). See Service Fire Insurance Co. of N.Y. v. Markey, 83 So.2d 855 (Fla. 1955); Burgos v. Independent Fire Insurance Co., 371 So.2d 539 (Fla.3d DCA 1979); Allstate Insurance Co. v. Dougherty, 197 So.2d 563 (Fla. 3d DCA 1967). This certificate was not a part of the record below and not considered by the trial court. We do not consider it here.
[6] Section 627.409(1), Florida Statutes (1977), provides:

"(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(a) Fraudulent; or
"(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
"(c) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."