453 So.2d 121 (1984)
HOME INSURANCE COMPANY and North River Insurance Company As Subrogees for Athlone Industries, Inc., Appellants,
v.
C & G SPORTING GOODS, INC., Appellee.
No. AV-269.
District Court of Appeal of Florida, First District.
July 10, 1984.
Rehearing Denied July 30, 1984.
*122 Patrick J. Farrell, Jr., and Jeannette M. Andrews of Fuller & Johnson, P.A., Tallahassee, for appellants.
John M. Fite of Barron, Redding, Boggs, Hughes, Fite, Bassett & Fenson, P.A., Panama City, for appellee.
NIMMONS, Judge.
C & G Sporting Goods, Inc. ("C & G") was the retailer of a baseball pitching machine manufactured by Commercial Mechanisms, Incorporated, and distributed by Athlone Industries, Inc. ("Athlone"). A person who was injured by the machine sued Athlone. The suit was settled by Athlone's payment of a sum of money to the injured party. Athlone's insurers, Home Insurance Company and North River Insurance Company (sometimes referred to herein as "Plaintiffs") brought the instant suit, as Athlone's subrogees, for contribution from C & G and Advance Machine Company ("Advance"  a successor corporation of the manufacturer, Commercial Mechanisms). Home and North River appeal from a summary judgment entered in favor of C & G. We reverse.
This case centers around whether C & G received two written notices from Commercial Mechanisms, one in 1974 and one in 1977, warning of the dangerous characteristics of the pitching machine. The complaint of Home and North River alleged that C & G received such notices and that it negligently failed to pass along such warning to the ultimate purchaser of the subject machine.
C & G's motion contended that there was no genuine issue regarding the question as to whether C & G had received the notices. The motion stated that "other than a mailing list, which purports to include C & G, plaintiffs have been unable to produce any evidence that C & G ever actually received any warning letters." C & G's motion also relied upon the fact that the employees of C & G did not recall receiving such letters as reflected in their depositions.
Appellants did not file any affidavits in response to the summary judgment motion. Of course, it is not necessarily required to do so. Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975). The initial burden in a summary judgment proceeding is on the movant, and it is a heavy one. The burden of proving the absence of a genuine issue of material fact is upon the party moving for summary judgment, and, until it is determined that the moving party has successfully met this burden, the opposing party is under no obligation to show that issues remain to be tried. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Steinhardt v. Lehman, 338 So.2d 64 (Fla. 3rd DCA 1976).
Most of the controversy over the instant summary judgment proceedings has centered around C & G's attacks upon the legal sufficiency of the various evidentiary documents which were of record in the trial court and which plaintiffs relied upon in support of their position that the warning letters had been mailed to C & G. For example, plaintiffs' counsel, in answering certain interrogatories propounded by C & G, attached certain documents to his answers. Among the documents was an apparent mailing list bearing C & G's name and address. However, as C & G accurately points out, there is no affidavit or deposition testimony connecting such mailing list to other documents of record including the subject warning letters. There are several similar instances of identification, authentication and other evidentiary shortcomings in the documents of record which documents plaintiffs have argued are sufficient to establish a genuine issue of fact regarding the mailing of such letters.
In addition, the plaintiffs have attempted to rely upon a deposition which they filed after the hearing along with their legal memorandum.[1] Counsel never requested nor obtained leave of court or agreement of counsel for such deposition (which had been taken in another case not involving C & G as a party) to be considered *123 by the court.[2] And so, even if such a deposition from another lawsuit could be considered in a summary judgment proceeding, see Southern California Funding, Inc. v. Hutto, 438 So.2d 426, 430 (Fla. 1st DCA 1983), the deposition was not properly before the trial court in the instant case. See Coffman Realty v. Tosohatchee Game Preserve, 381 So.2d 1164, 1167 (Fla. 5th DCA 1980) (opinion approved and adopted by Florida Supreme Court, 413 So.2d 1).
Nevertheless, the evidentiary shortcomings of those documents did not warrant the entry of summary judgment inasmuch as C & G had not met its initial burden. As the Florida Supreme Court observed in Holl v. Talcott, supra.
[B]efore it becomes necessary to determine the legal sufficiency of the affidavits or other evidence submitted by the party moved against, it must first be determined that the movant has successfully met his burden of proving a negative, i.e., the non-existence of a genuine issue of material fact. Matarese v. Leesburg Elks Club, [171 So.2d 606 (Fla. 2nd DCA 1965)]. He must prove this negative conclusively. The proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party.
Id. at p. 43. Clearly, C & G did not conclusively demonstrate that the notices were not mailed to it.[3] As C & G conceded in its own motion, the depositions of its employees showed only that its employees did not recall receiving the letters. That testimony was not competent to prove the negative. See Independent Fire Insurance Company v. Horn, 343 So.2d 862, 864 fn. 3 (Fla. 1st DCA 1977).
Had C & G conclusively established that it had not received the notices, Motors Insurance Corporation v. Woodcock, 394 So.2d 485 (Fla. 3rd DCA 1981), seems to suggest that C & G would have met its initial burden such that it would have then been incumbent upon plaintiffs to show by affidavit or other competent summary judgment proof that the notices had been mailed to C & G. Id. at 488. We need not decide that question since C & G clearly did not meet its initial burden.
REVERSED.
MILLS and SMITH, JJ., concur.
NOTES
[1] At the conclusion of the hearing, the trial court requested that the attorneys prepare and submit legal memoranda. They did.
[2] The deponent in that deposition was the president of a printing and mailing firm which mailed out warning notices in 1977 to businesses which purportedly sold the subject product.
[3] Both sides recognize the rule that mail properly addressed, stamped and mailed creates a rebuttable presumption of receipt and that proof of general office practices satisfies the requirement of showing due mailing. See Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973); Budget Luxury Inns, Inc. v. Boston, 407 So.2d 997 (Fla. 1st DCA 1982).