COBB, Judge.
The issue on this appeal is whether the trial court erred in granting summary judgment.
In 1985 Fredericko Chammas and Jack Egan entered into a limited partnership (Americor Heathrow, Ltd.). Chammas purchased ten lots in Heathrow Regency Green located in Seminole County in January of 1986 in his individual capacity as well as one or two lots at Sailfish Point in Stuart, Florida. The purpose of Americor was to construct homes on the properties. Egan, as the general partner, originally was to have contributed $60,000.00 to the limited partnership, but maintained that in March of 1986 he was excused by Cham-mas from contributing that amount. Egan also suggested that he was entitled to a draw of $10,000.00 per month for personal and general office expenses in addition to a percentage of the profits. Chammas was the limited partner and was required to deposit $240,000.00 into the partnership account at Freedom Savings and Loan. A few days after the account was opened, a total of $29,695.91 was withdrawn. On April 4, 1986, an additional $168,956.08 was withdrawn.
Egan decided on Sencorp as the general contractor and in May of 1986 construction began on Lot 18 in Heathrow with Sencorp to be paid on a draw schedule. During August of 1986 Chammas and Chammas Realty Corp. opened two accounts at Southeast Bank. Money from these accounts was to be disbursed to Egan when construction requests were made (Freedom account was generally depleted by this time). Also during this time period Egan opened several accounts to which Chammas had no access. In late December of 1986 Egan alleged that Sencorp was let go as general contractor because it had fallen “further and further behind.” According to Egan’s deposition testimony, Egan was told that funds were running out and Egan had not received a response from a Telex he had sent to Chammas requesting additional funds. Chammas contends that Sencorp walked off the job because it had not been paid by Egan. The record is unclear as to exactly how much Sencorp had received prior to stopping work and it is also unclear as to the amount actually spent by Egan on furnishings and construction related items and services. Chammas apparently took control of finishing the home and had to engage another contractor to finish at an alleged cost of $153,492.19.
In April of 1987 Chammas and Chammas Realty Corp. filed an action against Egan. Count I requested a return of the partnership contribution of $240,000.00 because of the alleged failure of Egan to deposit the $60,000.00 that the partnership agreement called for. Count II was for civil theft, claiming that'Egan intended to use or did *1172 use the funds in the plaintiff s bank accounts for his own use. A request was made for treble damages. Count III requested that the funds held in accounts by Egan be held in constructive trust. Count IV requested that Egan and the various banks and warehouses involved be enjoined from using or disposing of funds or property. Count V was for fraud, in that Cham-mas claimed that Egan fraudulently obtained checks in the amounts of $34,100.00, $22,000.00, $17,407.00, and $14,080.00 and that Egan had transferred the above funds into his own accounts. Total damages claimed under this count were $87,587.00. Count VI alleged conversion of property in the amount of $11,423.10. Count VII alleged breach of fiduciary duty, because Egan “failed to carry out the purposes of the limited partnership” by “failing to make payments to Sencorp.” Count VIII was for replevin of funds and property. Egan’s answer affirmatively stated that Chammas verbally excused him from his obligation to contribute the $60,000.00. Prior to trial, Chammas and Chammas Realty Corp. filed a motion for summary judgment which was granted by the trial court. A motion for rehearing was denied by the trial court and Egan appeals.
In the instant case, there are a multitude of salient facts in dispute. The cause as presented is simply not capable of resolution by way of summary judgment. In the summary judgment proceeding, Chammas had the initial burden of showing the absence of a genuine issue of material fact. Egan was under no obligation to file affidavits in response to the summary judgment motion if Chammas could not meet this burden. Home Insurance Company v. C & G Sporting Goods, Inc., 453 So.2d 121, 122 (Fla. 1st DCA 1984). Egan has placed the following facts into dispute by his deposition testimony and pleadings: (1) whether Chammas waived the partnership requirement as to Egan’s $60,000.00 contribution; (2) the actual reason why Sencorp stopped working on the residence; (3) what funds expended by Egan were within his reasonable fee or $10,000.00 per month allowance if this in fact existed; (4) exactly what funds were used to pay actual construction and construction related costs; and (5) computation of damages after resolution of all factual issues.
Accordingly, the final summary judgment in favor of Chammas and Chammas Realty Corp. is reversed and the cause remanded for further proceedings. On remand, the trial court should consider severing Count I (return of partnership contribution), Count VI (conversion of property), and Count VII (breach of fiduciary duty) or, pursuant to Rule 1.250(b), Florida Rules of Civil Procedure, one of the party plaintiffs may be dropped. See Tamiami Trial Tours, Inc. v. Cotton, 463 So.2d 1126, 1128 (Fla.1985).
REVERSED AND REMANDED.
SHARP, C.J., and DAUKSCH, J., concur.