623 So.2d 814 (1993)
MOTORS INSURANCE CORPORATION, Appellant,
v.
Jorge MARINO & Judith Mateo, Appellees.
No. 92-2548.
District Court of Appeal of Florida, Third District.
August 31, 1993.
Rehearing Denied October 5, 1993.
Kurzban, Kurzban & Weinger and Helena Tetzeli, Miami, for appellant.
Beckham & Beckham, North Miami Beach, Carlos Lidsky, Hialeah, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
BARKDULL, Judge.
Motors Insurance Corporation (hereafter "MIC") appeals a final summary judgment in favor of appellees Marino and Mateo.
On March 9, 1991, appellees, Mateo and Marino applied for insurance with MIC to cover their new car. Appellees paid $166.00 to bind the insurance and the policy was to be effective immediately. MIC discovered that Marino's license had been suspended and that appellees had failed to get a preinsurance inspection. MIC sent a notice dated March 25, 1991, to appellees stating that it could not accept the request for insurance, but would extend insurance until May 14, 1991, to allow time to find a new carrier.
The car was damaged in an accident on October 14, 1991. Appellees Mateo and Marino filed an action against MIC for a declaratory judgment and breach of contract. Appellees moved for summary judgment on the issue of liability based upon ineffective cancellation of policy for failure to comply with Florida Statute Section 627.728, and upon *815 waiver of its right to rescind by attempting to cancel the policy under Section 627.409. The court granted summary judgment on October 21, 1992. This appeal timely followed.
Entry of summary judgment in appellees' favor is reversible error because MIC pled a substantiated and conclusively established affirmative defense of misrepresentation in the insurance application as to the status of Marino's license and appellees failed to rebut the defense.
A material misrepresentation in an application for insurance, whether or not made with knowledge of its correctness or untruth, will nullify any policy issued and is an absolute defense to enforcement of the policy. Fla. Stat., Section 627.409; Continental Insurance Company v. Carroll, 485 So.2d 406, 409 (Fla. 1986).
The Court erred in finding MIC had waived or was estopped from the misrepresentation defense because MIC's notice was a rejection of application for insurance, not a cancellation of the policy. A cancellation for a material misrepresentation is a complete defense. Sauvageot v. Hanover Insurance Company, 308 So.2d 583 (Fla. 2d DCA 1975).
Therefore the summary judgment for the appellees on the coverage issue is reversed with directions to enter summary judgment for the carrier.
Reversed with directions.