994 So.2d 416 (2008)
Michael FOX M.D., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 1D08-221.
District Court of Appeal of Florida, First District.
October 22, 2008.
*417 Mary Bland Love and Ronald S. Wasilenko of Gobelman, Love, Gavin, Wasilenko & Broughan, L.L.C., Jacksonville, for Appellant.
Brittany Adams Long, Assistant General Counsel, Department of Health, Tallahassee, for Appellee.
PER CURIAM.
Dr. Michael Fox ("Appellant") seeks review of a final order of the Board of Medicine ("the Board"), disciplining him for acting below the standard of care, skill, and treatment acceptable for a reasonably prudent physician in violation of section 458.331(1)(t), Florida Statutes (2007). Because the Board's determination is not supported by competent, substantial evidence, we reverse.[1]
The Department of Health ("the Department") filed an administrative complaint alleging that Appellant performed a hysterectomy on a patient without first ascertaining the results of her pregnancy test, in breach of the standard of care. At a hearing before the Administrative Law Judge ("ALJ"), expert testimony by Appellant's experts and the Department's expert established that the relevant standard of care requires physicians to ascertain the results of their patients' pregnancy tests prior to performing hysterectomies. The experts agreed that a doctor would not fall below the relevant standard of care if he asked a nurse for the results of a patient's pregnancy test, and the nurse stated the results orally.
Appellant testified that he is a board-certified endocrinologist and obstetrician-gynecologist who undertook the care of a patient who reported a history of progressive pelvic pain and abnormal menstrual bleeding. In October 2003, Appellant and the patient agreed she would undergo a hysterectomy. The patient informed Appellant that she had no desire for fertility and was not sexually active. Appellant ordered the patient to undergo a pregnancy test. Appellant testified that before performing the hysterectomy, he checked the patient's chart and did not see the results of the pregnancy test. He testified that he then asked the circulating nurse, Nurse Lloyd, for the pregnancy test results, and she reported that they were negative.
Nurse Lloyd, the circulating nurse responsible for filling out operating room paperwork, testified that she had no recollection of being involved with the treatment of the patient on the date in question. Specifically, Nurse Lloyd testified that she did not remember whether she had any discussion with Appellant regarding the results of the patient's pregnancy test. Nurse Lloyd testified that ordinarily when she comes across positive pregnancy test results in a patient's chart, she communicates that finding to both the surgeon and the anesthesiologist. She further testified that normally if any lab results are missing from the chart, she obtains print-outs of the results. Nurse Lloyd testified that she did not remember whether she generally communicates negative pregnancy test results to the doctors.
Nurse Singleton, who was also responsible for generating the pre-operative paperwork for the patient at issue, testified that she had no recollection of communicating with Appellant regarding whether or not the patient was pregnant on the date of *418 surgery. Nurse Singleton testified that she typically communicates positive pregnancy test results to the surgeon.
Nurse Floyd was also involved in pre-operative care for the patient. She testified that she had no recollection of the results of the patient's pregnancy test or whether she saw Appellant prior to when the hysterectomy was performed.
The ALJ issued a recommended order, finding that clear and convincing evidence was presented that Appellant failed to ascertain the results of the patient's pregnancy test prior to performing the hysterectomy. The ALJ rejected Appellant's testimony as not credible. Specifically, the ALJ found that "[Appellant] failed to establish in his defense that he knew the result [of the pregnancy test] before performing the hysterectomy." The ALJ recommended that the Board enter a final order finding Appellant in violation of section 458.331(1)(t), imposing a $10,000.00 administrative fine against him, requiring him to take a risk management course for physicians, and issuing a letter of reprimand. The Board approved and adopted the ALJ's findings of fact, conclusions of law, and recommended penalty. This appeal followed.
The Board may discipline a physician for "failure to practice medicine with that level of care, skill, and treatment which is recognized by a reasonably prudent similar physician as being acceptable under similar conditions and circumstances." §§ 458.331(1)(t); 456.072(2), Fla. Stat. (2007). Section 458.331(1)(t) further provides, "The board shall give great weight to the provisions of s. 766.102 when enforcing this paragraph." Section 766.102(3), Florida Statutes (2007), provides, "The existence of a medical injury shall not create any inference or presumption of negligence against a health care provider, and the claimant must maintain the burden of proving that an injury was proximately caused by a breach of the prevailing professional standard of care by the health care provider." The Department has the burden to prove a violation of the standard of care by presenting clear and convincing evidence to the ALJ. Reich v. Dep't of Health, 973 So.2d 1233, 1235 (Fla. 4th DCA 2008) (citing Dep't of Banking & Fin. v. Osborne Stern & Co., 670 So.2d 932 (Fla.1996)). The Board must accept the ALJ's findings of fact if they are supported by competent, substantial evidence. Rogers v. Dep't of Health, 920 So.2d 27, 30 (Fla. 1st DCA 2005). An appellate court may overturn an agency action when the basis for the action "depends on any finding of fact that is not supported by competent, substantial evidence in the record." § 120.68, Fla. Stat. (2007). A witness' testimony that he or she does not remember an incident does not constitute competent, substantial evidence that the incident did not occur. See Home Ins. Co. v. C & G Sporting Goods, Inc., 453 So.2d 121, 123 (Fla. 1st DCA 1984).
It is well-established that the ALJ was not required to believe Appellant's testimony, even if unrebutted. See, e.g., City of Orlando Police Dep't v. Rose, 974 So.2d 554, 555 (Fla. 5th DCA 2008); Walker v. Dep't of Bus. & Prof'l Regulation, 705 So.2d 652, 654 (Fla. 5th DCA 1998). However, the burden still rested with the Department to establish a violation of the standard of care by clear and convincing evidence. See Reich, 973 So.2d at 1235. The Department failed to meet this burden by showing that neither Nurse Lloyd nor the other assisting nurses gave Appellant an oral report that the patient was not pregnant. Nurse Lloyd, Nurse Floyd, and Nurse Singleton's testimony that each could not remember whether she had any discussion with Appellant regarding the results of the patient's pregnancy test does not constitute competent, substantial evidence that he was not so informed. Even *419 though Nurse Lloyd testified that she normally informs the surgeon if she finds a patient's pregnancy test to be positive, she did not testify that this was her invariable practice. Moreover, it is clear that Nurse Lloyd did not adhere to her normal practice during the incident in question because there were no pregnancy test results in the patient's chart, and Nurse Lloyd did not have the results printed out, as she testified she would normally do. Additionally, Nurse Lloyd testified that she does not remember whether she would inform the surgeon of negative pregnancy test results. Accordingly, Nurse Lloyd's testimony of her ordinary practice would not constitute competent substantial evidence of what occurred on the relevant occasion. As such, the ALJ's finding that Appellant's actions fell below the standard of care in violation of section 458.331(1)(t) was not supported by competent, substantial evidence. Therefore, we REVERSE the final order of the Board.
KAHN, LEWIS, and ROBERTS, JJ., concur.
NOTES
[1] We do not reach the remaining issues on appeal because we reverse on this issue.