SCHWARTZ, Senior Judge
(dissenting).
I would reverse with directions to enforce a two year non-compete requirement.
I

The Agreement

First, I think that Section 8.1 of the agreement unambiguously so provides. It says:
8.1Non-Competition Covenant. Employee shall not for a period of two (2) years during the period of time immediately following the Employee’s termination of employment with the Company, in any and all places or areas within the continental United States (“Restricted Territory ”),: (i) engage in any activity which....
The word “termination” is a noun[5] which simply means the end of a given period of time or relationship, regardless of how it occurs. Thus, the promise made was that after termination — whether caused by the employee or employer, the employee would not engage in the enumerated activities. Plainly put, the words “Employee’s termination” describe whose termination not who was doing the terminating. To hold otherwise is to read language into the parties’ agreement that simply is not there. See Emergency Assocs. of Tampa, P.A. v. Sassano, 664 So.2d 1000, 1003 (Fla. 2d DCA 1995) (“[A] court is powerless to rewrite the contract to make it more reasonable or advantageous for one of the contracting parties.”).
Moreover, section 8.9, upon which the court relies, has no application. Section 8.1 prohibits a number of activities by the employee for a two year period; this section is a broad prohibition of activities and does not use the term “restricted period” as defined in section 8.9 at all; section 8.1.1 prohibits a narrow range of activities for a “restricted period,” and it is a violation of that section which would require reference to section 8.9. The employer claimed a violation of section 8. 1, therefore, section 8.9 had no application and the real and only question for the trial court was whether that provision as written was enforceable. Because there was no violation of section 542.335, Florida Statutes (2010), either in terms of the activity or the time period prohibited, the preliminary injunction sought should have been granted. See Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 941 (Fla.1979) (“Every provision in a contract should be given meaning and effect *19 and apparent inconsistencies reconciled if possible.”); Transport Rental Sys., Inc. v. Hertz Corp. 129 So.2d 454, 456 (Fla. 3d DCA 1961) (“If a contract contains clauses which are apparently repugnant to each other, they must be given such an interpretation as will reconcile them if possible.”); see also Izadi v. Machado (Gus) Ford,, Inc., 550 So.2d 1135, 1138 (Fla. 3d DCA 1989) (same).
II

The Intent of the Parties

Thus, on either or both grounds, I do not believe the contract, taken either as a whole or in part, is ambiguous. If, however, as shown by the fact that both the majority and I believe it unambiguously provides two direct opposites, the resulting conflict must be resolved by considering the parties’ mutual intentions as to the term in question. Gulf Cities Gas Corp. v. Tangelo Park Serv. Co., 253 So.2d 744, 748 (Fla. 4th DCA 1971) (“Where the language of a contract is ambiguous or unclear as to a particular right or duty, the court may receive evidence extrinsic to the contract for the purpose of determining the intent of the parties at the time of the contract.”); see also Crespo v. Crespo, 28 So.3d 125, 128 (Fla. 4th DCA 2010) (same); Killearn Homes Ass’n, Inc. v. Visconti Family Ltd. P’ship, 21 So.3d 51, 54 (Fla. 1st DCA 2009) (“When the terms of a written document are ambiguous and susceptible to different interpretations, extrinsic evidence may be considered by the court to ascertain the intent of the parties or to explain or clarify the ambiguous term.”).
On that issue, the principals of the appellant specifically testified that their financial investor insisted on an unqualified two year period of non-competition by the employee and that he in turn, unequivocally replied “no problem.” (The last minute change from the one year period that had previously been contained in section 8.1 to the two year term, which was not reflected in changes to the other terms of the draft agreement, is undoubtedly responsible for whatever confusion may exist among the final sections.) In discovery, Mr. Santalo could only offer the familiar, lame response that he “didn’t recall the incident.” Such a statement does not create a cognizable contradiction to clear evidence as to what actually occurred. See e.g., Fox v. Dep’t of Health, 994 So.2d 416, 418 (Fla. 1st DCA 2008) (“A witness’ testimony that he or she does not remember an incident does not constitute competent, substantial evidence that the incident did not occur.”); Home Ins. Co. v. C & G Sporting Goods, Inc., 453 So.2d 121, 123 (Fla. 1st DCA 1984) (“As C & G conceded in its own motion, the depositions of its employees showed only that its employees did not recall receiving the letters. That testimony was not competent to prove the negative.”).
Ill
As we have said,
Contract interpretation is for the court as a matter of law, rather than the trier of fact, only when the agreement is [a] totally unambiguous, or [b] when any ambiguity may be resolved by applying the rules of construction to situations in which the parol evidence of the parties’ intentions is undisputed .... [e.s.]
Land O’ Sun Realty Ltd. v. REWJB Gas Invs., 685 So.2d 870, 872, n. 3 (Fla. 3d DCA 1996). I believe that both of these principles apply. Each requires a decision contrary to that of the court.

. Black’s Law Dictionary (9th ed. 2009) ("[T]ermination, n. (15c) 1. The act of ending something; EXTINGUISHMENT < termination of the partnership by winding up its affairs>.”); see La Fata v. Raytheon Co., 302 F.Supp.2d 398, 409 (E.D.Pa.2004) ("When the relevant statute failed to define the term ‘employment termination,’ the Third Circuit defined the word ‘terminate’ in an employment context as: ‘To discontinue the employment of.’ Moore v. Warehouse Club, 992 F.2d 27, 29 (3d Cir.1993) (citing American Heritage Dictionary, 2nd Edition 1254 (1982)). Black's Law Definition of ‘termination’ is used in this opinion as opposed to the Third Circuit’s definition in Moore of "terminate" because the Severance Pay Policy and the Termination of Employment Policy use the noun "termination.” The difference between the noun "termination” and the verb "terminate” is material in the instant case because a verb implies that an actor and an object is required, whereas a noun does not. Moore's definition of the verb "terminate” is less applicable.”).