345 So.2d 417 (1977)
The TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, Appellant,
v.
Robert J. MIRLENBRINK et al., Appellees.
No. 76-2049.
District Court of Appeal of Florida, Second District.
May 4, 1977.
Richard C. Stoneman of Stoneman, Mattson & McGrady, St. Petersburg, for appellant.
William B. Blackwood, of Blackwood & Fernandez, Clearwater, for appellees.
SCHEB, Judge.
Appellees brought suit for benefits under an automobile insurance policy which appellant *418 Travelers contended had lapsed for nonpayment of premium. Summary judgment on the issue of coverage was entered in favor of appellees. This interlocutory appeal by Travelers ensued. We reverse.
Travelers issued an automobile policy to appellee Robert J. Mirlenbrink in 1974. The contract was written on a continuing basis with premiums due for each successive six-month period of coverage. Premiums were paid for the period ending December 1, 1975. Travelers mailed Mirlenbrink a statement in November for the premium due December 3 to renew coverage from December 1, 1975 to June 1, 1976. Mirlenbrink did not make the required payment; nevertheless, Travelers wrote him on January 12, 1976, offering to reinstate his coverage if he made the necessary payment within twenty days. Mirlenbrink did not respond. Travelers subsequently sent a notice to the bank which held the lien against Mirlenbrink's vehicle, notifying the lienholder that effective March 8, 1976, coverage was cancelled.
On March 15, 1976, Mirlenbrink and other members of his family were injured in an automobile accident. Thereafter, on March 24, Mirlenbrink sent Travelers a check for the renewal premium. Travelers cashed it and on April 14, 1976, issued its own check with the notation that it was a return of the premium on the instant policy. Mirlenbrink's name was misspelled on the insurance company's draft, so a second draft was issued by Travelers on September 14, 1976.
Travelers refused payment on appellees' claim for benefits arising out of the March 15 accident on the ground that the policy had lapsed for nonpayment of the premium prior to the accident. Appellees sued and each side moved for summary judgment. The trial court granted appellees' motion and denied Travelers' motion. In granting summary judgment for the Mirlenbrinks, the trial judge held that the policy went into effect on December 1, 1975, and that payment of the premium was not a condition precedent to its effectiveness. Further, the court found that Travelers was bound to follow the cancellation provisions of the insurance contract and those procedures mandated by Section 627.728, Florida Statutes (1975), relating to cancellation of coverage. Additionally, the court held that Travelers was estopped from denying coverage. The finding of estoppel was based on Travelers having cashed the premium check and not having returned the money until September 14, 1976.
Two questions are presented by this appeal:
(1) Whether Travelers was required to comply with the provisions of its policy and Section 627.728(3), Florida Statutes, relating to cancellation; and
(2) Whether Travelers' conduct in handling the insured's check estopped it from asserting that coverage had lapsed.
We answer each question in the negative. We agree that a summary judgment was appropriate in this case; however, it should have been granted in favor of the insurer. The policy was issued on a continuing basis, and payment of renewal premiums was, in absence of some waiver by, or estoppel against, the insurer, a prerequisite to the insured's continued coverage. Thus, when Mirlenbrink failed to pay the renewal premium, it was not incumbent on Travelers to comply with the provisions of the policy which relate to cancellation during the policy term.
For the same reason, there was no requirement that Travelers comply with Section 627.728(3), Florida Statutes (1975), relating to cancellation. In a somewhat similar case, Safeco Insurance Co. of America v. Oehmig, 305 So.2d 52 (Fla. 1st DCA 1974), the court stated that where the insured failed to pay the necessary renewal premium, there was an expiration rather than a cancellation of coverage, and for this reason it was unnecessary to comply with this statute.
Section 627.728(3), Florida Statutes (1975), which requires notice of cancellation of a policy, is inapplicable here by virtue of Section 627.728(3)(b), which provides:
*419 "Nothing in this subsection (3) shall apply to nonrenewal." Section 627.728(4)(a) requires notice of refusal (by the insurer) to renew, but goes on to provide:
This subsection shall not apply:
1. If the insurer has manifested its willingness to renew; or
2. In case of nonpayment of premium.
Travelers' intention at the time the premium-payment notice was sent was to renew the policy. It was not renewed simply because the premium was not received by Travelers on a timely basis. Travelers never cancelled the policy; it lapsed for nonpayment of the premium.
The question concerning estoppel must also be resolved against Mirlenbrink. Estoppel can only be invoked against an insurer when its conduct has been such as to induce action in reliance upon it. Mutual of Omaha Insurance Co. v. Eakins, 337 So.2d 418 (Fla. 2d DCA 1976). The premium payment was tendered to the insurance company by appellee Mirlenbrink some four months after he first received the renewal statement, and some nine days after the accident for which appellees claim benefits. Travelers' issuance of a check on April 14 returning the premium negated any intent to effectuate a renewal of the lapsed policy.
If the accident had happened after the payment of the premium, there may well have been a question of fact on the estoppel issue, as there may then have been some damage or prejudice to the appellees. Here we perceive no issue of any material fact. Travelers' delay in not sending a proper check until September may have been neglectful, and we may question the wisdom of Travelers in cashing the premium check tendered to it; however, we find no estoppel.
Accordingly, summary judgment in favor of the appellees is vacated and the cause remanded with directions that trial court enter summary judgment in favor of appellant.
BOARDMAN, C.J., and GRIMES, J., concur.