BASKIN, Judge.
Finding that, contrary to the specific terms of the parties’ Stop Loss Agreement, the payment of the claim for which WJA Realty Limited Partnership [WJA] seeks reimbursement was not made until after the expiration of the effective period of the excess coverage insurance policy, we affirm the trial court’s dismissal with prejudice of WJA’s second amended complaint. See Travelers Indemnity Co. v. Mirlenbrink, 345 So.2d 417 (Fla. 2d DCA 1977).
We reject WJA’s argument that its payment of the June 1984, premium estopped Hartford from denying excess coverage for a claim paid in July 1984. Estoppel and waiver are inapplicable for two reasons: first, Hartford returned the June premium payment to WJA, cf. Travelers Indemnity Co. v. Dana, 434 So.2d 48 (Fla. 3d DCA 1983) (insurance company estopped from denying coverage where injury occurred after past-due premium paid and insurer retained past-due premium); Mixon v. Allstate Insurance Co., 388 So.2d 608 (Fla. 3d DCA 1980) (unconditional acceptance of premium payment constituted waiver of insurer’s right to contend policy lapsed), review denied, 397 So.2d 777 (Fla.1981); second, WJA did not tender a premium payment for July, the month in which the claim was paid. Thus, Hartford was not required to reimburse WJA for its payment of the claim at issue.
Affirmed.