[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-11497
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 14, 2004
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00917-CV-ORL-31-JGG

ASSOCIATION FOR DISABLED AMERICANS, INC., et al.,

Plaintiffs,

JORGE LUIS RODRIGUEZ,
DISABILITY ADVOCATES AND COUNSELING GROUP, INC.,
STEVEN BROTHER,

Plaintiffs-Appellants,

versus

INTEGRA RESORT MANAGEMENT, INC.,
ENCLAVE RESORT HOTEL, L.L.C.,
d.b.a. The Enclave,
THE ENCLAVE AT ORLANDO CONDOMINIUM ASSOCIATION,
INC.,
a Florida non-profit corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(October 14, 2004)**

Before BLACK, BARKETT and GODBOLD, Circuit Judges.

PER CURIAM:

This case comes to us on a challenge to an attorney's fee award and costs set by a magistrate. We are unable engage in a meaningful review of the magistrate's decision because he did not articulate a basis or methodology for the award.

In November 2003 the above parties entered into a consent decree in which the appellees agreed to settle the appellants' Americans With Disabilities claim, 42 U.S.C. §12818 and to pay (1) appellants' reasonable attorney fees, litigation expenses and costs and (2) appellants' expert for reasonable expert fees and costs. Under the agreement any dispute over the reasonableness of such fees and costs may be resolved by either a district judge or a magistrate judge. In December 2003 a dispute ensued over the reasonableness of the fees and costs sought by the appellants. The issue was referred to a magistrate. The appellees disputed the award sought by the appellants on several grounds including: the hourly rate used by the appellants' counsel, number of hours billed, the costs sought by appellants'

2

counsel, the multiplier sought by the appellants and the expert's costs and fees.

The magistrate issued a cursory order in which he delineated the amount sought by the appellants for costs and fees under the multiplier methodology ($147,366.54) and the amount believed by the appellees to be reasonable ($22,686.30). The appellees argued that the appellants' multiplier claim was so unreasonable that the appellees should not be required to pay for responding to it. The magistrate agreed with the appellees and reduced the award by $2,000. Consequently the magistrate entered a judgment for the appellants in the amount of $20,686.30. The appellants now appeal, seeking $62,102.09, an amount solely made up of attorney and expert fees and costs. This amount excludes the multiplier that had previously been used by appellants to arrive at the figure of $147,366.54.

"We review a [magistrate's] order awarding attorney fees for an abuse of discretion." American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The magistrate's order "'must articulate the decisions it made, give principled reasons for those decisions, and show its calculations.'" Id. (quoting Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988)). Otherwise we are left with no basis on which to review the magistrate's decision. See Davis v. Fletcher, Jr., 598 F.2d 469, 470 (5th Cir.

3

1979).[1]  In reaching its calculations the magistrate should calculate the number of hours reasonably expended multiplied by a reasonable hourly rate.  Barnes, 168 F.3d at 427.  "If the [magistrate] disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper."  Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988).

The magistrate did not articulate a basis for the award or show the hourly rate calculations utilized.  He simply adopted the fees and costs asserted by appellees as reasonable.  Without an explanation of the basis for the award we lack the necessary foundation for our review.  See Davis, 598 F.2d at 471.

While this appeal was pending appellees have filed a motion to dismiss the appeal as moot because $20,686.30 was tendered to appellants pursuant to an order by the district court.  The order provided that the payment did not affect the appeal and accordingly does not impact our decision.  Appellees invoke our decision in Fidelcor Mortgage Corp. v. Ins. Co. of N. Am., 820 F.2d 367 (11th Cir. 1987) to support their argument that this appeal is rendered moot by satisfaction of the judgment.  In Fidelcor however the party did not reserve any issues for appeal.  See id. at 370.  In this case appellants, as the order confirms, specifically reserved their right to appeal before accepting payment.  Merely accepting the $20,686.30

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 shall be binding as precedent on the Eleventh Circuit.  Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

4

payment, without evidence of some intent to end the litigation, did not waive appellants' right to appeal.  See In re Tudor Assocs., Ltd., II, 20 F.3d 115, 118 (4th Cir. 1994).

Appellees motion to dismiss the appeal as moot is DENIED.

This case is REMANDED to the district court for reconsideration and a full explicit explanation of the basis for the magistrate's award.