[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14974

_____

D. C. Docket No. 00-00135-CV-C-W

CHARLIE BLOUNT,
LUTHER BALL,

Plaintiffs-Appellees,

versus

TUSCALOOSA COUNTY, ALABAMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 20, 2005)**

Before BIRCH, HULL and BOWMAN[*], Circuit Judges.

PER CURIAM:

_____
[*]Honorable Pasco Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

The defendant Tuscaloosa County, Alabama ("the County") appeals the district court's August, 20, 2004 award of attorney's fees in the amount of $40, 432 to plaintiffs Charlie Blount, Jr., ("Blount") and Luther Ball ("Ball").[1]

On August 4, 2004, plaintiffs filed a "Renewed Motion and Notice to the Court Relating to the Granting of Plaintiffs' Motion to Reconsider," which in effect was a request for attorney's fees in the amount of $40, 432 based on numerous prior pleadings relating to attorney's fees.

On August 20, 2004, the district court stamped the first page of this Motion "Granted" and entered the first page of the stamped Motion as an "Order" on the attorney's fees.  The County timely appealed this "Order" on attorney's fees.

After review and oral argument, we reverse and vacate the grant of attorney's fees in this "Order" and remand this case for further proceedings on the attorney's fees issue due to the following errors by the district court:

(1) The district court's method of ruling on substantive motions by stamping "Granted" on the motion is legally insufficient.  This Court has previously admonished the district court not to enter summary orders and to provide "a meaningful explanation of its decision[s]".  In re Ford Motor Co., 345 F.3d 1315,

---

[1]On appeal the County has not contested that any award of attorney's fees should be paid to the plaintiffs rather than to their former lawyer Marvin Stewart or to the court-appointed trustee.  Thus, we address only the plaintiffs' claims for attorney's fees in this appeal.

1317 (11th Cir. 2003)(quotation and citation omitted).  That case concerned motions to compel, and the same certainly applies to motions for attorney's fees.

(2) The district court abused its discretion in granting attorney's fees when it failed to outline and describe explicitly how it reached the fee amount.  Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988).  According to Norman, "Although the district court has wide discretion in exercising its judgment on the appropriate fee based on its own expertise, that discretion is not without limits.  A conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient.  The court's order on attorney's fees must allow meaningful review - the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." Id. (citations omitted).[2]

Further, this Court has previously rejected the argument that a district court may adopt a party's fee award calculation without further explanation.  In Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.,  387 F.3d 1241, 1243 (11th Cir. 2004), this Court remanded a fee award because "[t]he magistrate did not articulate a basis for the award or show the hourly rate

---

[2]Nothing herein should be construed as approving or disapproving of the amount awarded by the district court; we hold only that the district court's "Order" is incapable of appellate review at this juncture.

3

calculations utilized. He simply adopted the fees and costs asserted by appellees as reasonable. Without an explanation of the basis for the award we lack the necessary foundation for our review." Under such circumstances this Court must remand and direct the district court to provide a "full explicit explanation of the basis for the [attorney's fees] award." Id. at 1243-44.

In addition to giving a meaningful explanation of any award of attorney's fees, the district court's order on remand shall also explicitly address the issue of whether plaintiff Blount remains a "prevailing party" in the case under 42 U.S.C. §1988(b). While the County raised the prevailing party issue on appeal, we decline to address it as that issue should be addressed by the district court in the first instance.

Finally, this is the second appeal and second reversal in this case by this Court. In an effort to conclude the proceedings in an orderly manner in the district court, the Court directs that on remand (1) the plaintiffs should be given an opportunity to brief and explain further the basis of their fee request for $40,432 in the renewed Motion, and to submit additional documentation and affidavits in support of the fee request of $40,432;[3] and (2) the defendant shall then be given a

---

[3]In particular, given Mr. Stewart's unavailability, plaintiffs' new counsel should be given an opportunity to provide an affidavit as to the reasonableness of Mr. Stewart's hourly rate and number of hours expended, as well as a detailed explanation in a brief for the particular percentage reductions in the table submitted with plaintiffs' August 20, 2004 Motion.

reasonable opportunity to respond in a similar manner before any ruling by the district court.

**REVERSED, VACATED and REMANDED.**