[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 30, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-14957

_____

D. C. Docket No. 98-03261-CV-GET-1

LYNN D. ABERNETHY, JR.,

Plaintiff-Appellant,

versus

JOHN W. SNOW,
Secretary of the Department of Treasury,

Defendant-Appellee,

USA, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 30, 2005)**

Before BIRCH, HULL and BOWMAN[*], Circuit Judges.

PER CURIAM:

This case involves only the Title VII retaliation claim of plaintiff Lynn Abernethy ("plaintiff"). The plaintiff alleged that the defendant John W. Snow, Secretary of the Treasury ("defendant"), illegally demoted him from a supervisor position in the IRS and removed him from management in retaliation for plaintiff's asserting his EEO rights and assisting other IRS employees in asserting their EEO rights.[1] After trial, the jury returned a verdict in favor of plaintiff on his Title VII retaliation claim regarding his demotion but awarded no damages. The district court granted plaintiff certain equitable relief, but not reinstatement. The district court also granted plaintiff's claim for attorney's fees and expenses, but awarded only 10% of the amounts claimed. Plaintiff now appeals the district court's (1) refusal to grant reinstatement and other equitable relief, (2) denial of his motion for new trial on damages, and (3) award of only a small fraction of his attorney's fees and expenses.

After review and oral argument, we affirm the district court's decisions in its February 12, 2004, and July 14, 2004, orders, except as to its meager award of

---

[*]Honorable Pasco M. Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

[1]Subsequently, the IRS terminated plaintiff, but his termination claims are the subject of a separate proceeding and are not before this Court.

attorney's fees and expenses. Specifically, we reverse and vacate the district court's February 12, 2004, and July 14, 2004, orders to the extent those orders ruled on attorney's fees and expenses. For the reasons outlined below, we conclude that the district court abused its discretion in reducing plaintiff's attorney's fees and expenses to only 10% of the amounts claimed in its February 12, 2004, order and in declining to reconsider the issue in its July 14, 2004, order.

As to equitable relief, the district court did grant the plaintiff certain equitable relief, although we recognize that plaintiff claims the relief was too limited. For example, the district court required expungement of various items from plaintiff's record and the posting and dissemination of a notice of the judgment in favor of plaintiff as to his demotion. It is undisputed that at all relevant times after his demotion, plaintiff remained employed by the IRS and received the same amount of pay and benefits he had received as a supervisor. Thus, the equitable relief issue concerns whether the district court abused its discretion in not ordering plaintiff reinstated to his prior supervisory position. Given the evidence at trial and the change in the IRS's organizational structure, we can find no reversible error in the district court's denial of reinstatement for the reasons outlined in the district court's orders listed above.

As to plaintiff's motion for a new trial because the jury awarded him no

3

damages, we also find no reversible error in the district court's determination that "there was testimony and evidence from which a jury could determine that plaintiff's difficulties were unrelated to defendant's actions and, instead, attributable to other factors outside the responsibility of defendant." Furthermore, the jury was free to disbelieve or disregard the plaintiff's damages evidence. The district court properly declined to substitute its judgment for that of the jury because the verdict was supported by the evidence.

As to attorney's fees and expenses, however, the district court did err for several reasons.

First, the district court abused its discretion by simply slashing the fee and expense award to 10% of the amounts claimed without providing any meaningful explanation of the extent of the reduction. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988) ("Although the district court has wide discretion in exercising its judgment on the appropriate fee based on its own expertise, that discretion is not without limits. A conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient. The court's order on attorney's fees must allow meaningful review – the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.") (citations omitted); Association for Disabled

4

Americans, Inc. v. Integra Resort Management, Inc., 387 F.3d 1241, 1243-44 (11th Cir. 2004) (remanding and directing the district court to provide a "full explicit explanation of the basis for the [attorney's fees] award").  By way of explanation for the reduction, the district court stated only that "[g]iven plaintiff's limited success on his claims . . . a reduction is necessary," and failed to offer any reasoning to support the extraordinary extent of the reduction.

Second, while a court should not award fees for time spent on "unrelated, unsuccessful claims," Shannon v. BellSouth Telecommunications, Inc., 292 F.3d 712, 717 (11th Cir. 2002), plaintiff's racial discrimination claim (on which the district court granted summary judgment in favor of defendant) and retaliation claim (on which plaintiff prevailed) were directly related.  A significant part of the development of the core facts and law in the case applied equally to both claims. As such, a significant part of original counsel Gordon Rose's work and hours before the grant of summary judgment on the unsuccessful racial discrimination claim also was essential to plaintiff's successful retaliation claim.  See Hensley v. Eckerhart, 461 U.S. 424, 440, 103 S. Ct. 1933, 1943 (1983) ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.").

Third, we recognize that even though plaintiff's claims were related, a reduction may still be appropriate "if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Norman, 836 F.2d at 1302. Nonetheless, the plaintiff's success was not as limited as the district court summarily concluded. The plaintiff, after all, fully prevailed at trial as to the liability issue and also obtained significant equitable relief in that the IRS was required to expunge part of plaintiff's employment record and to post notices about the plaintiff's judgment stating that he had prevailed against the IRS. Further, "a court must be careful not to place undue emphasis on the modest money damages that were found by the jury because successful civil rights actions vindicate a public interest." Villano v. City of Boynton Beach, 254 F.3d 1302, 1306 (11th Cir. 2001) (quotation marks and citation omitted).

While some reduction may be appropriate in the attorney's fees of original counsel Gordon Rose, as outlined above, a significant part of the development of the core facts in the case by original attorney Gordon Rose was also necessary to develop the retaliation claim. Further, the district court failed to take into account that the firm of Cobb and Gardner, LLP did not enter the case until September 17, 2002 – after the abridged bench trial conducted by Magistrate Judge Walker but before issuance of the Report and Recommendation. When the Cobb firm was

6

retained, the case had been narrowed to the issue to be tried, i.e., that defendant had violated plaintiff's rights under Title VII by retaliating against him for engaging in statutorily protected activities. On July 28, 2003, a jury returned a verdict finding defendant liable to plaintiff for unlawful retaliation. Plaintiff's claims for equitable relief remained undecided. On August 12, 2003, plaintiff filed his motion for equitable relief, which was granted in part.

Thus, the vast majority of the fees of the Cobb firm represents time expended to achieve the successful result of a verdict in favor of the plaintiff on the retaliation claim and an award of equitable relief.[2] The attorneys' preparation for trial and their trial and post-trial briefing on equitable relief were all regarding the successful retaliation claim.[3]

While we do not determine in the first instance what amounts of attorney's fees and expenses are due, we readily conclude the amounts awarded were significantly inadequate. On remand, the district court shall revisit the issues of attorney's fees and expenses and enter a detailed order that is capable of meaningful review. We thus remand the attorney's fee and expense issue for

_____

[2]We note that plaintiff did not obtain front and back pay because the plaintiff was paid the same salary despite the demotion.

[3]The fee petition of the Cobb law firm is a total of $154,921.84, of which $134,627.94 represents time spent from September 17, 2002, to July 28, 2003 (the date of the jury verdict), and $20,293.88 represents time spent from July 29, 2003, through February 25, 2004.

further proceedings in the district court consistent with this opinion.

AFFIRMED in part; VACATED and REMANDED in part.