GERBER, J.
 

 The circuit court entered a final declaratory judgment finding that, after an insurer canceled the plaintiffs policy, the insurer’s later deposit of the plaintiffs past-due premium reinstated the policy, even though the insurer promptly refunded the premium to the plaintiff. We reverse.
 

 Our review of the record, up through the court’s order denying the insurer’s motion
 
 *380
 
 for rehearing, reveals the following time-line of material events:
 

 January 29: The insurer mailed to the plaintiff a notice stating that if the plaintiff did not send her premium payment postmarked by February 10, then her policy would be deemed canceled effective 12:01 a.m. on February 11.
 

 February 19: The plaintiff mailed a check for the premium.
 

 February 21: The insurer mailed to the plaintiff a notice stating that coverage on the policy ended at 12:01 a.m. on February 11 for non-payment of premium.
 

 February 22: The plaintiff was involved in an auto accident.
 

 February 23: The plaintiff mailed a claim for the accident.
 

 February 24: The insurer’s lock box service received and deposited the plaintiffs check.
 

 March 3: The insurer mailed to the plaintiff a notice stating that it would not cover the accident because it canceled the policy before the accident. March 8: After the plaintiffs check cleared, the insurer refunded the premium to the plaintiff.
 

 The plaintiff filed a complaint against the insurer. The complaint sought a declaratory judgment that the insurer was required to provide coverage under the policy for the accident. The insurer answered that it was not required to provide coverage because it canceled the policy before the accident.
 

 The plaintiff and the insurer each moved for summary judgment. The plaintiff argued that because the insurer deposited her premium, the insurer was estopped from denying coverage. The insurer reiterated that it was not required to provide coverage because it canceled the policy before the accident.
 

 The circuit court granted the plaintiffs motion and denied the insurer’s motion. The court reasoned that, even though the insurer notified the plaintiff that it would cancel the policy at 12:01 a.m. on February 11, the insurer’s later deposit of the premium reinstated the policy. The court subsequently issued a final declaratory judgment finding that the insurer was required to provide coverage for the accident. The court later denied the insurer’s motion for rehearing.
 

 The insurer’s appeal followed. Our review is de novo.
 
 See Vigilant Ins. Co. v. Cont’l Cas. Co.,
 
 33 So.3d 734, 737 (Fla. 4th DCA 2010) (“The appellate court reviews orders granting summary judgment de novo.”);
 
 Discover Prop. & Cas. Ins. Co. v. Beach Cars of W. Palm, Inc.,
 
 929 So.2d 729, 732 (Fla. 4th DCA 2006) (scope of review of declaratory judgment involving question of law is de novo).
 

 We reverse. The undisputed material facts do not establish estoppel. The elements of estoppel are: (1) a representation as to a material fact that is contrary to a later-asserted position; (2) reliance on that representation; and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon.
 
 Lloyds Underwriters at London v. Keystone Equip. Fin. Corp.,
 
 25 So.3d 89, 93 (Fla. 4th DCA 2009). Here, the accident occurred
 
 before
 
 the insurer deposited the plaintiffs premium. Thus, at the time of the accident, the plaintiff had not yet relied on the insurer’s deposit of the premium. Nor had the plaintiff detrimentally changed her position because of the insurer’s deposit of the premium.
 

 Though the plaintiffs summary judgment motion argued that the insurer was estopped from denying coverage, we perceive that the plaintiff actually sought a
 
 *381
 
 finding of waiver. We address that theory as well. “The elements of waiver are: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right.”
 
 Husky Rose, Inc. v. Allstate Ins. Co.,
 
 19 So.3d 1085,1088 (Fla. 4th DCA 2009) (citation omitted).
 

 The undisputed material facts do not establish waiver either. “In the insurance context, Florida courts look to whether an insurer’s acceptance of a late payment was unconditional, which would constitute waiver, or whether the acceptance was conditioned on the performance of something else by the insured or the insurer, which would not constitute waiver.”
 
 Pajcic v. Am. Gen. Life Ins. Co.,
 
 419 F.Supp.2d 1380, 1382 (M.D.Fla.2006) (comparing
 
 Mixson v. Allstate Ins. Co.,
 
 388 So.2d 608, 609 (Fla. 3d DCA 1980) (unconditional acceptance of past-due premium waived insurer’s right to contend policy lapsed) and
 
 Meeks v. State Farm Mut. Auto. Ins. Co.,
 
 460 F.2d 776, 778 n. 3 (5th Cir.1972) (unconditional acceptance and retention of delinquent premium is waiver of right to cancel policy or to refuse reinstatement) with
 
 WJA Realty Ltd. P’ship v. Employee Benefit Claims, Inc.,
 
 488 So.2d 121, 122 (Fla. 3d DCA 1986) (acceptance of past-due premium was not unconditional when insurer returned premium to insured) and
 
 Travelers Indem. Co. of R.I. v. Mirlenbrink,
 
 345 So.2d 417, 419 (Fla. 2d DCA 1977) (insurer was not es-topped from denying coverage by temporarily accepting late payment when insured had not properly renewed policy)). “In other words, while an insurer cannot permanently retain the benefits of a late premium payment and .still deny coverage to the insured, the temporary acceptance of a payment conditioned on the insured taking steps to perfect the policy does not necessarily constitute the knowing and voluntary abandonment of the insurer’s right to claim the policy’s coverage has terminated.”
 
 Pajcic,
 
 419 F.Supp.2d at 1382-83.
 

 Here, the insurer’s conduct did not constitute waiver. The insurer mailed the plaintiff a notice stating that if the insurer did not receive the plaintiffs premium postmarked by February 10, then it would cancel the policy at 12:01 a.m. on February 11. When the plaintiff mailed the past-due premium, the insurer’s lock box service initially deposited the premium. However, only twelve days later, the insurer mailed the plaintiff a notice stating that it would not cover the accident because it canceled the policy before the accident. Five days after that, once the plaintiffs check had cleared, the insurer refunded the premium to the plaintiff. Thus, this case is closer to
 
 WJA
 
 and
 
 Travelers
 
 — no waiver occurred.
 

 We direct the circuit court to vacate the final judgment for the plaintiff and enter final judgment for the insurer.
 

 Reversed and remanded.
 

 CIKLIN, J., and COX, JACK S, Associate Judge, concur.