HAZOURI, J.
 

 Linda Hamilton, as Personal Representative of the Estate of Herbert Hamilton, filed a wrongful death action against Florida Power & Light Company (FPL), As-plundh Tree Expert Company (Asplundh), Boynton Landscape Company, Inc. (Boyn-ton) and Susan Smith. FPL, Asplundh, and Boynton settled with Hamilton through her attorney for fifty thousand dollars each. Hamilton asserted that she had not given her attorney the authority to settle and FPL, Asplundh and Boynton filed motions to enforce settlement after Hamilton refused to execute the settlement agreement.
 

 The trial court held an evidentiary hearing to determine whether Hamilton had given her attorney the clear and unequivocal authority to settle. Following the evi-dentiary hearing, the trial court granted the appellees’ motions to enforce settlement from which Hamilton now appeals.
 

 A party seeking to enforce a settlement agreement bears the burden of
 
 *172
 
 showing that the attorney proposing the settlement had the clear and unequivocal authority from his client to do so.
 
 Sosnick v. McManus,
 
 815 So.2d 759, 762-63 (Fla. 4th DCA 2002). The trial court’s factual findings that there was a clear and unequivocal grant of authority must be supported by competent, substantial evidence in order to be upheld on appeal.
 
 See Spiegel v. H. Allen Holmes, Inc.,
 
 834 So.2d 295, 297 (Fla. 4th DCA 2002).
 

 At the hearing to enforce the settlement there was conflicting evidence regarding Hamilton’s attorney’s authority to settle. The trial court took testimony and resolved the conflict in favor of the appellees. When there is a nonjury finding on disputed evidence, it is reviewed on appeal for competent, substantial evidence because the lower court “is in the best position ‘to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses.’”
 
 Acoustic Innovations, Inc. v. Schafer,
 
 976 So.2d 1139, 1143 (Fla. 4th DCA 2008) (quoting
 
 Shaw v. Shaw,
 
 334 So.2d 13, 16 (Fla.1976)). Upon review of the record of the hearing on the motions to enforce settlement there is competent, substantial evidence to support the trial court’s findings and we therefore affirm.
 

 Affirmed.
 

 CIKLIN and LEVINE, JJ., concur.