GERBER, J.
The tenant appeals a final judgment in favor of the landlord after a non-jury trial. In the final judgment, the trial court found that, based on the evidence presented, the tenant breached the lease by vacating the premises without paying the accelerated rent for the remaining lease term. The trial court rejected the tenant’s defense that the landlord orally modified the lease to allow the tenant to terminate the lease early. The trial court found that the tenant’s witnesses in support of its defense were “less than credible.”
We affirm the trial court’s rejection of the tenant’s defense. Competent, substantial evidence supports the trial court’s factual finding that no oral modification occurred. See Hamilton v. Fla. Power & Light Co., 48 So.3d 170, 172 (Fla. 4th DCA 2010) (“When there is a nonjury finding on disputed evidence, it is reviewed on appeal for competent, substantial evidence because the lower court is in the best position to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses.”) (citations and internal quotations omitted).
Based on the trial court’s credibility finding, we deem as harmless the trial court’s incorrect legal conclusion that the tenant also was precluded from pursuing an oral modification defense as a matter of law. See DK Arena, Inc. v. EB Acquisitions I, LLC, 31 So.3d 313, 321 (Fla. 4th DCA 2010) (“[E]ven where a written contract prohibits subsequent, unwritten amendments, [a] written contract may be modified by an oral agreement if the parties have [1] accepted and [2] acted upon the oral agreement in a manner that would work a fraud on either party to refuse to enforce it.”) (brackets in original; citations and internal quotations omitted), rev. granted, 47 So.3d 1288 (Fla.2010); Husky Rose, Inc. v. Allstate Ins. Co., 19 So.3d 1085, 1088 (Fla. 4th DCA 2009) (“[U]nder certain circumstances, written contracts can be modified by a subsequent oral agreement of the parties even though the written contract purports to prohibit such modification.”) (citations and internal quotations omitted).
We also deem as harmless the trial court’s exclusion, on hearsay grounds, of certain proffered testimony from one of the tenant’s witnesses. Such testimony was merely cumulative to the other testimony which the trial court found to be “less than credible.” See White v. State, 993 So.2d 611, 613 (Fla. 1st DCA 2008) (trial court’s error in excluding, as hearsay, proffered testimony was harmless where proffered testimony was cumulative to admitted testimony which the jury apparently chose to disbelieve).
We reverse only as to the trial court’s inclusion in the final judgment of prejudgment interest on alleged past due rent *96 from January 1 through December 81, 2008, totaling $14,986.10. The record indicates that the tenant timely paid the rent for that period. Prejudgment interest should have accrued only on the unpaid accelerated rent commencing on January 1, 2009. We remand for the trial court to amend the final judgment to exclude the $14,986.10 amount.

Affirmed in part, reversed in part, and remanded.

GROSS, C.J., and STEVENSON, J., concur.