[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15886
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-00487-WTH-GRJ

LYNETTE SAETTELE,

                                                    Plaintiff-Appellant,

versus

MARONDA HOMES, INC. OF FLORIDA,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 20, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Lynette Saettele appeals the district court's grant of Maronda Homes, Inc. of Florida's (Maronda Homes) motion to enforce the settlement agreement and dismissal of her claims with prejudice in her employment discrimination action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et seq.*, and the Florida Civil Rights Act, ch. 760, Fla. Stat. Saettele asserts her counsel did not have clear and unequivocal authority to settle the case for $60,000. Saettele also contends there was no meeting of the minds as to an essential term of the agreement, as the parties failed to agree regarding the terms of the release.[1] After review, we affirm the district court.

We review the district court's decision to enforce a settlement agreement for an abuse of discretion. *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir.

---

[1] As an initial matter, Maronda Homes contends this appeal is moot because Saettele accepted the benefits of the settlement agreement by depositing the settlement check. We have held, however, "[m]erely accepting the [settlement] payment, without evidence of some intent to end the litigation," does not waive the right to appeal. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 387 F.3d 1241, 1243 (11th Cir. 2004). Here, the record demonstrates Saettele expressed her intent to receive the payment as ordered by the district court, and believed she could appeal the judgment despite that fact. In the district court, Saettele argued Maronda Homes was required to provide the check to her, as she did not want to risk Maronda Homes becoming insolvent or bankrupt during the pendency of the appeal. Under these facts, Maronda Homes had notice of the fact that Saettele did not intend for for the acceptance of the settlement check to waive her right to an appeal.

1999).  We refer to state law principles when reviewing the scope of an attorney's authority to enter into a settlement agreement.  *Id.*

Under Florida law, the "party seeking to enforce a settlement agreement bears the burden of showing that the attorney proposing the settlement had the clear and unequivocal authority from his client to do so."  *Hamilton v. Fla. Power & Light Co.*, 48 So. 3d 170, 171-72 (Fla. 4th DCA 2010); *see also Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485-87 (11th Cir. 1994) (applying Florida's "clear and unequivocal authority" standard).  "The trial court's factual findings that there was a clear and unequivocal grant of authority must be supported by competent, substantial evidence in order to be upheld on appeal."  *Hamilton*, 48 So. 3d at 172.  The mere representation by an attorney does not give the attorney the implied or apparent authority to settle her client's claim.  *Johnson v. Skarvan*, 992 So. 2d 873, 875 (Fla. 5th DCA 2008).

The district court did not abuse its discretion in enforcing the settlement agreement, as Saettele admitted she gave her attorney permission to settle the case for $60,000.  Further, Maronda Homes agreed to waive the disputed written release terms, such that Saettele will not be bound to any term to which she did not agree at the time of settling her case for $60,000.  Thus, we affirm.

**AFFIRMED.**