**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARO KRIKOR GULESSERIAN, a.k.a. Gary Krikor Gulesserian, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-73171 <br><br> Agency No. A021-558-794 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Garo Krikor Gulesserian, a native and citizen of Lebanon, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal  and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013). We review de novo claims of due process violations in deportation proceedings. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The record does not compel the conclusion that a protected ground was one central reason behind the assault, kidnapping and extortion that Gulesserian suffered in Lebanon. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("to demonstrate that a protected ground was 'at least one central reason' for the persecution, an applicant must prove that such ground was a cause of the persecutors' acts"); *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009) (evidence does not "compel the opposite conclusion just because it would also support a different result").

With respect to future fear, substantial evidence supports the BIA's determination that the likelihood of future harm was too speculative. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).

Substantial evidence also supports the denial of Gulesserian's CAT claim, because he has not shown it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Lebanon if he is returned. *See*

*Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). We reject Gulesserian's contention that the BIA misinterpreted the provisions of CAT and failed to consider all of the evidence.

Finally, we reject Gulesserian's argument that the IJ violated his due process by failing to credit fully his experts' evidence, because the record reflects the IJ considered the experts' reports and testimony and offered specific reasons for limiting its weight. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process violation). We also reject Gulesserian's remaining due process claims, because Gulesserian had a full and fair hearing and a reasonable opportunity to present his evidence. *See Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**